**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOSEPH W. LOREE,**

    **Plaintiff,**

v.                                      **Case No. 3:06cv250/MCR/EMT**

**FIDELITY NATIONAL PROPERTY
& CASUALTY COMPANY
and
THE ACTING DIRECTOR OF THE FEDERAL
EMERGENCY MANAGEMENT AGENCY,**

    **Defendants.**

_____/

**O R D E R**

In this insurance dispute plaintiff Joseph W. Loree ("plaintiff") sues Fidelity National Property & Casualty Company ("Fidelity") and the Acting Director of the Federal Emergency Management Agency ("FEMA"). Presently before the court is Fidelity's motion for summary judgment, plaintiff's response, and Fidelity's reply.[1] For the reasons given below, the court GRANTS Fidelity's motion.[2]

---

[1] See docs. 15 (Fidelity's motion), 16 (Fidelity's memorandum), 17 (Fidelity's statement of undisputed facts), 23 (plaintiff's response), 24 (Fidelity's additional authority), and 26 (Fidelity's reply).

[2] No proof of service has been filed as to either defendant. Although Fidelity filed the instant motion for summary judgment, FEMA has not answered the complaint or otherwise appeared.
    As an initial matter, pursuant to 5 U.S.C. § 301 et seq., all functions, personnel, and liabilities of FEMA have been transferred to the Secretary of the Department of Homeland Security. Accordingly, the proper party defendant to an action in which FEMA has been named would be Secretary Michael Chertoff. In any event, there is no waiver of sovereign immunity to sue FEMA under the National Flood Insurance Act and thus subject matter jurisdiction is lacking with respect to plaintiff's claim against the federal defendant. See Hower v. Federal Emergency Management Agency, 2004 WL 2577503 (E.D.Pa. 2004). The court therefore shall sua sponte dismiss the complaint as to FEMA on that ground.

**BACKGROUND**[3]

Hurricane Ivan struck the Northwest Florida area on or about September 16, 2004. On that date plaintiff's dwelling located on Pensacola Beach, Florida, was insured by a Standard Flood Insurance Policy ("SFIP") issued by Fidelity.[4] The storm caused severe flooding that damaged plaintiff's dwelling.

Following the hurricane, plaintiff made a claim for damages with Fidelity under his policy, and Fidelity assigned an adjuster to plaintiff's case as a matter of courtesy in order to assist with his claim. Determining that plaintiff was due $28,978.05 under the building coverage of his policy, Fidelity issued a check to plaintiff in the amount of $27,940.15 in November 2005 and a second check for $1,037.90 in April 2005. Fidelity also determined that plaintiff was due $15,991.74 under the contents coverage of his policy and issued him a check in that amount in February 2005. Plaintiff demanded additional amounts for losses under his policy but Fidelity refused to pay.

Plaintiff filed this suit in June 2006. He alleges that Fidelity breached the SFIP by failing to compensate him for all covered flood losses to his property caused by Hurricane Ivan. In moving for summary judgment Fidelity argues that plaintiff was required, but failed,

---

3  As Fidelity notes, plaintiff failed to submit a separate statement of disputed facts as required by N.D.Fla.Loc.R. 56.1, which also provides that the moving party's statement of facts shall be deemed admitted if the opposing party fails to controvert it in his own separate statement. Accordingly, other than Paragraph 10 of Fidelity's Statement of Undisputed Facts, which the court considers to constitute a conclusion of law rather than a statement of fact, the facts herein largely are as presented by Fidelity (or, as appropriate, from the pleadings). Nevertheless, the court views these facts in the light most favorable to plaintiff, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and also observes that what are stated as "facts" herein for purposes of summary judgment review may not be the actual facts. See Montount v. Carr, 114 F.3d 181, 182 (11th Cir. 1997).

4  The National Flood Insurance Act of 1968, 42 U.S.C. § 4001, et seq., established the National Flood Insurance Program ("NFIP"). The Federal Emergency Management Agency ("FEMA"), which is charged with administering the NFIP, by regulation has promulgated the SFIP and provided for marketing and claims adjustment by private insurers operating as "Write-Your-Own" ("WYO") companies. 44 C.F.R. § 62.23. The WYO companies issue SFIPs in their own names as insurer, and they arrange for the adjustment, settlement, payment and defense of all claims arising from the policies, with the federal government acting as the guarantor and reinsurer. See § 61.13(f); § 62.23(d); see also Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998).

   The record does not contain a copy of plaintiff's actual policy, but Fidelity states that its full text may be found at 44 C.F.R. Pt. 61, App. A(1) (2004); additionally, Fidelity states that plaintiff's SFIP has coverage limits of $180,000 for losses to the building and $18,300 for losses to contents.

to timely submit a complete, signed and sworn proof of loss statement in support of any claim above the amounts previously paid. Responding in opposition, plaintiff maintains that the proof of loss requirements were waived by FEMA's Acting Federal Insurance Administrator David I. Maurstad in a memorandum dated September 24, 2004.[5] According

---

5  Mr. Maurstad's memorandum, which is entitled "Subject: Waiver of the Proof of Loss Requirement in the Standard Flood Insurance Policy (SFIP)," in its entirety provides:

> Recently, a number of States experienced catastrophic losses as a result of three hurricanes (Charley, Frances, and Ivan) within the span of a few weeks, and a fourth hurricane (Jeanne) is about to make landfall on the Southeast coast. As a result, there is a shortage of qualified adjusters available to adjust the losses resulting from these hurricanes. So, there is an urgent need to expedite claims payments to policyholders.
>
> To expedite claims payments so that policyholders affected by these circumstances are not subject to undue hardship, I am waiving the requirement in VII.J.4 of the SFIP Dwelling and General Property Forms and VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form for the policyholder to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the evaluation of damage in the adjuster's report. This means the requirement in VII.M.1 and VIII.M.1 that losses will be payable 60 days after the insurer receives the policyholder's proof of loss (or within 90 days after the adjuster files a report signed and sworn to by the policyholder in lieu of a proof of loss) will not apply. Instead, the loss will be payable as soon as practicable after the insurer receives the adjuster's report. This procedure will allow the insurer to promptly adjust, settle, and pay claims based on the adjuster's report. Also, under the terms of this waiver, the following sections will not apply: VII.J.7, J.9, and M.2.c of the SFIP Dwelling and General Property Forms and VIII.J.7, J.9, and M.2.c of the SFIP Residential Condominium Building Association Policy Form.
>
> In the event a policy holder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SRIP Residential Condominium Building Association Policy Form. For example, a policyholder who suffered a flood loss from Hurricane Charley on August 14, 2004, and disagrees with the insurer's decision based on the adjuster's report, has until August 13, 2005, to file the proof of loss detailing the area(s) of disagreement. A policyholder who suffered a flood loss from Hurricane Frances on September 7, 2004, has until September 6, 2005, to file the proof of loss detailing the area(s) of disagreement, and those who suffered a flood loss from Hurricane Ivan on September 24 have until September 23, 2005, to file a proof of loss detailing the area(s) of disagreement.
>
> This waiver is pursuant to the provisions dealing with amendments, waivers, and

to plaintiff, Mr. Maurstad's letter made the filing of proof of loss permissive rather than a condition precedent to challenging the insurer's adjustment of his claim.[6] Fidelity replies that plaintiff misapprehends the scope and meaning of the waiver granted in Mr. Maurstad's letter and asks the court to take judicial notice of caselaw in this district that rejects the argument that the letter completely waives the proof of loss requirements.

**DISCUSSION**

The SFIP issued to plaintiff by Fidelity requires that plaintiff submit proof of loss to the company in the form of a signed and sworn statement of the amount claimed under the policy.[7] The proof of loss must be presented within sixty days after the loss and must provide specific information necessary for the insurance company to process the claim. Further, the policy provides that as a courtesy the adjuster hired by the insurance company

---

        assignments of the SFIP (VII.D. of the SFIP Dwelling Form and General Property Form and VIII.D. of the SFIP Residential Condominium Building Association Policy Form). Since the adjuster availability problem will affect not only claims from the three hurricanes referred to above, but also any other flood events that may occur while the adjustment of claims from those hurricanes is ongoing, this waiver applies to all claims arising on August 12, 2004, and thereafter until December 31, 2004.

(Doc. 16-2).

6 Plaintiff also argues that the authority cited by Fidelity in support of its motion are distinguishable from the facts of this case or are not binding precedent.

7 Section J of Article VII of plaintiff's SFIP, Requirements in Case of Loss, in part requires the insured to:
    4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
        a. The date and time of loss;
        b. A brief explanation of how the loss happened;
        c. Your interest (for example, "owner") and the interest, if any, of other in the damaged property;
        d. Details of any other insurance that may cover the loss;
        e. Changes in title or occupancy of the covered property during the term of the policy;
        f. Specifications of damaged buildings and detailed repair estimates;
        g. Names of mortgagees or anyone else having a lien, charge, or claim against the insurance property;
        h. Details about who occupied any insured building at the time of loss and for what purpose; and
        i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. Pt. 61, App. A(1), Article VII.J.

Case No. 3:06cv250/MCR/EMT

may furnish the insured with a proof of loss form and assist with its completion; however, the policy cautions that even if the adjuster does not provide the form or any assistance the insured must nevertheless timely send the company proof of loss.[8] Additionally, under the SFIP an insured may not file suit for coverage unless he has complied with all requirements of the policy.[9]

Strict adherence to the proof of loss requirements is a condition precedent to recovery under a SFIP. See Sanz v. United States Security Insurance Co., 328 F.3d 1314, 1318 (11th Cir. 2003); Suopys v. Omaha Property and Casualty, 404 F.3d 805, 810 (3rd Cir. 2005); Dawkins v. Witt, 318 F.3d 606 (4th Cir. 2003); Mancini v. Redland Insurance Co., 248 F.3d 729, 733-34 (8th Cir. 2001). Substantial compliance is not sufficient; rather, an insured must completely satisfy the proof of loss requirements, including the requirement that the statement be signed and sworn, before an insured can receive benefits under a SFIP. See Sanz, 328 F.3d at 1317. The proof of loss requirements may be waived, but to be effective the waiver must be made by the Federal Insurance Administrator in writing. See id. at 1318-19; see also 44 C.F.R. §§ 61.13(d); 44 C.F.R. Pt. 61, App. A(1), Article VII.D.

Plaintiff's contention that Mr. Maurstad waived the proof of loss requirements in his September 24, 2004, memorandum fails. The purpose of the second paragraph of the memorandum was to waive the requirement of proof of loss in order "to expedite claims payments" if the insured agreed with the adjuster's evaluation. Claims were to "be payable as soon as practicable after the insurer received the adjuster's report" rather than as long

---

8 44 C.F.R. Pt. 61, App. A(1), Article VII.J.7.

9  Article VII.R of 44 C.F.R. Pt. 61, App. A(1) provides:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. Pt. 61, App. A(1), Article VII.R.

as sixty or ninety days as provided by the SFIP. The third paragraph of the memorandum established the procedure to be followed if the insured disagreed with the adjuster's assessment:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder <u>may</u> submit to the insurer a proof of loss within one year from the date of the loss.

(<u>See</u> doc. 16-2 (emphasis added)).

The use of the word "may" in third paragraph did not make the filing of a proof of loss statement permissive or optional. Rather, reading the memorandum in its entirety, the court concludes that a reasonable interpretation of this provision is that an insured who disagreed with an adjuster's evaluation had two choices: he could challenge the adjuster's evaluation, in which case the insured was required to submit proof of loss, or he could disagree with the adjuster's evaluation but nevertheless accept it, in which case no proof of loss was required. The example in the memorandum's fourth paragraph that those "who suffered a flood loss from Hurricane Ivan on September 24 [had] until September 23, 2005,[10] to file a proof of loss detailing the area[s] of disagreement" confirms that an insured choosing to contest an adjuster's evaluation was required to submit a proof of loss statement within one year of his loss. Had Mr. Maurstad intended to waive the proof of loss requirements for policyholders contesting an adjuster's evaluation this example would have been unnecessary. The waiver should not be interpreted in a manner that would render any part of it superfluous. <u>See</u> <u>Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n</u>, 117 F.3d 1328, 1338 (11th Cir. 1997) ("[A]n interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable.").

In short, plaintiff was required to file a proof of loss statement by September 15, 2005, in order to preserve his right to sue. Because he failed to do so, his suit is now

---

10 The court takes notice that Hurricane Ivan made landfall in the Pensacola area on September 16, 2004, but for many days thereafter also caused extensive flooding elsewhere in the Southeastern United States as the storm traveled inland.

Case No. 3:06cv250/MCR/EMT

barred.[11]  As the evidence before the court shows that there is no genuine issue of material fact remaining for trial and that Fidelity is entitled to judgment as a matter of law, Fidelity's motion for summary judgment shall be granted. Fed.R.Civ.P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Accordingly, it is ORDERED:

1.   As to defendant Acting Director of the Federal Emergency Management Agency, plaintiff Joseph W. Loree's complaint is DISMISSED, with prejudice, for lack of subject matter jurisdiction.

2.   As to defendant Fidelity National Property & Casualty Company, Fidelity's motion for summary judgment (doc. 15) is GRANTED, and plaintiff's claims against Fidelity are DISMISSED, with prejudice.

3.   The clerk shall enter judgment accordingly.

4.   Plaintiff shall take nothing further by this action and hence goes without day.

5.   Costs shall be taxed against plaintiff.

**DONE and ORDERED** this 15th day of May, 2007.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[11]  The court notes that its determination that Mr. Maurstad's memorandum did not waive the proof of loss requirements and that submission of a proof of loss is a condition precedent to filing suit for damages for breach of a SFIP is consistent with the decisions in Shuford v. Fidelity Property & Casalty Insurance Co., C.A. 05-0583-CG-B (S.D. Ala. December 18, 2006); Vanderveen v. Allstate Insurance Company, 3:05cv469/WS (N.D. Fla. January 29, 2007); Brown v. USAA General Indemnity Company, 3:06cv191/RS (N.D.Fla. February 9, 2007); Word v. USAA General Indemnity Company, 3:06cv303/RS (N.D.Fla. February 9, 2007), and McKee v. USAA General Indemnity Company, 3:06cv156/MCR/EMT (N.D.Fla. April 26, 2007).